# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOVIGILDA VARGAS, as Representative of Decedent LEOPOLDO LOPEZ's estate; and LEOVIGILDA VARGAS, as Heir and Successor in Interest,<br><br>　　　　Plaintiffs,<br><br>　　　v.<br><br>FORD MOTOR COMPANY, and DOES 1 through 500, Inclusive,<br><br>　　　　Defendants. | NO. EDCV 09-01352 JRG (SSx)<br><br>**MEMORANDUM AND ORDER RE: PARTIES'**<br><br>**STIPULATED PROTECTIVE ORDER** |

　　　The Court has received and considered the parties' proposed Stipulated Protective Order (the "Protective Order"). The Court is unable to adopt the Protective Order as stipulated to by the parties for the following reasons:

　　　First, a protective order must be narrowly tailored and cannot be overbroad. Therefore, the documents, information, items or materials that are subject to the protective order shall be described in a meaningful and specific fashion (for example, "personnel records,"

"medical records," or "financial information," etc.).  It is not sufficient to define the scope of the Protective Order as applying to "[a]ny document or any information designated as 'Subject to Protective Order,' 'Confidential,' or other similar language," where "document" means "all written material, videotapes and all other tangible items, produced in whatever format . . . on whatever media . . . ." (Protective Order at ¶¶ 1-2).

Second, the Court will not agree that material filed in this action will be designated by counsel as "SUBJECT TO PROTECTIVE ORDER," (Protective Order at ¶¶ 4, 18), because this designation might suggest that the Court has made a determination about whether particular material fits within the categories described by a Protective Order entered in this case.  If the parties wish to designate material as confidential, they can mark documents "confidential" but should not indicate that the Court has also reached a decision about the nature of the documents.

Third, the Court cannot agree to the procedure the parties' propose for the filing of papers under seal. (Protective Order at ¶ 11).  The filing and disclosure of confidential court records must comply with the Central District's Local Rule 79-5.  If confidential material is included in any papers to be filed in Court, such papers shall be accompanied by an application, pursuant to Local Rule 79-5.1, to file the papers – or the confidential portion thereof – under seal.  The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

Finally, the Protective Order does not establish the requisite good cause. Pintos v. Pac. Creditors Ass'n, 565 F.3d 1106, 1115 (9th Cir. 2009) ("The relevant standard [for the entry of a protective order] is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." (internal quotation marks and alteration omitted)); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) (court's protective order analysis requires examination of good cause (citing Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11, 1212 (9th Cir. 2002)); San Jose Mercury News, Inc. v. United States Dist. Court, 187 F.3d 1096, 1102 (9th Cir. 1999).

The Court may only enter a protective order upon a showing of good cause. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006) (stipulating to protective order insufficient to make particularized showing of good cause, as required by Rule 26(c)); Phillips, 307 F.3d at 1210-11 (Rule 26(c) requires a showing of good cause for a protective order); Makar-Wellbon v. Sony Electrics, Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing).

In any revised stipulated protective order submitted to the Court, the parties must include a statement demonstrating good cause for entry of a protective order pertaining to the documents or information described in the order. The documents to be protected shall be specifically described and identified. The paragraph containing the statement of good cause should be preceded by the phrase: "GOOD CAUSE STATEMENT." The parties shall articulate, for each document or category

1 of documents they seek to protect, the specific prejudice or harm that
2 will result if no protective order is entered.  <u>Foltz</u>, 331 F.3d at 1130
3 (citations omitted).

5      The Court also reminds the parties that all future discovery
6 documents filed with the Court shall include the following in the
7 caption: "[Discovery Document: Referred to Magistrate Judge Suzanne H.
8 Segal]."

10 IT IS SO ORDERED.

13 DATED:  June 29, 2010                  _____/S/_____
                                         SUZANNE H. SEGAL
14                                       UNITED STATES MAGISTRATE JUDGE